IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES BLACK, ASHLEY NEWTON, | * | |
| MARK GANDY, ERIN LAWRENCE, | * | |
| JEFFREY BLAIR, DAVID PIERCE-FEITH, | * | |
| AUSTIN LANE, PATRICE JONES, | * | |
| ZACHARY ADAMS, ASARIA CRITTENDEN, | * | |
| ELIZABETH KUZMOVICH, SHANNON | * | |
| MCSWAIN, LARRY J. HUNT, JR., | * | |
| And CARLOS AYESTAS, Individually and on | * | |
| behalf of similarly situated employees, | * | Civil Action No._____ |
| Plaintiffs | * | |
| -v- | * | |
| | * | |
| DMNO, LLC, DORON MOSHE REBI-CHIA, | * | |
| ITAI BEN ELI and ITAMAR LEVY, | * | |
| Defendants | * | |

_____

PLAINTIFFS' ORIGINAL COMPLAINT-COLLECTIVE ACTION

_____

NOW COME Plaintiffs, James Black, et al, each individually and on behalf of all other similarly situated employees, and files this Original Complaint-Collective Action, and respectfully show the following:

I.

SUMMARY

This is an egregious case of wage theft and willful violations of the Fair Labor Standards Act (FLSA).  DMNO, LLC (dba Doris Metropolitan, hereinafter referred to as "Doris") paid its servers $2.13 per hour and took a tip credit from customer tips to satisfy the required $7.25 minimum wage.  Unfortunately, Doris appropriated a percentage of servers' tips in order to subsidize managers' salaries.  By doing so, Defendants lose the employer's privilege of using the tip credit to satisfy the minimum wage.  Additionally, Defendants had a policy of refusing to pay overtime to employees and failed to pay tipped employees minimum wage for hours worked where there was no opportunity to earn tips.

Plaintiffs seek wages owed to them and/or tips wrongfully taken from them, as well as liquidated damages, attorney fees, and all other relief permitted.  The putative class is comprised of all hourly employees employed by Doris within the past three years.  It should be noted that Doris has not yet been open for three years, so effectively the putative class is comprised of every hourly employee who has ever been employed by Defendants in the New Orleans restaurant.

II.

JURISDICTION AND VENUE

1.     This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants reside in this district and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

III.

PARTIES

3. Plaintiff, James Black, is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Mr. Black "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

4. Plaintiff, Ashley Newton, is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Ms. Newton "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

5. Plaintiff, Mark Gandy, is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Mr. Gandy "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

6. Plaintiff, Erin Lawrence, is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Ms. Lawrence "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

7. Plaintiff, Jeffrey Blair, is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Mr. Blair "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

8. Plaintiff, David Pierce-Feith, is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Mr. Pierce-Feith "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

9. Plaintiff, Austin Lane, is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Mr. Lane "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

10. Plaintiff, Patrice Jones, is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Ms. Jones "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

11. Plaintiff, Zachary Adams, is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Mr. Adams "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

12. Plaintiff, Asaria Crittenden, is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Ms. Crittenden "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

13. Plaintiff, Elizabeth Kuzmovich, worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Ms. Kusmovich "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

14. Plaintiff, Barbara Stamatelatos, is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Ms. Stamatelatos "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

15. Plaintiff, Shannon McSwain, is a resident of Louisiana and worked as a bartender for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Mr. Black "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

16. Plaintiff, Larry J. Hunt, Jr., is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Mr. Hunt "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

17. Plaintiff, Carlos Ayestas, is a resident of Louisiana and worked as a server for Defendants' restaurant in New Orleans, Louisiana. While working for Doris, Mr. Ayestas "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-7.

18. Defendant, DMNO, LLC, is a limited liability company doing business in the Eastern District of Louisiana. DMNO, LLC operates a restaurant called Doris Metropolitan and is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

19. Defendant, Doron Moshe Rebi-Chia, is a Manager of DMNO, LLC, and owner and operator of Doris. Mr. Rebi-Chia is an "employer" within the meaning of FLSA 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

20. Defendant, Itai Ben Eli, is a Manager of DMNO, LLC, and owner and operator of Doris. Mr.Eli is an "employer" within the meaning of FLSA 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

21. Defendant, Itamar Levy, is a Manager of DMNO, LLC, and owner and operator of Doris. Mr. Levy is an "employer" within the meaning of FLSA 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1)

IV.

COLLECTIVE ACTION FACTS

22. With the exception of Shannon McSwain, who was a bartender, all named plaintiffs worked at Doris Metropolitan as servers within the last three years.

23. All servers were paid by the same methods as the named plaintiffs.

24. Servers were paid cash wages of $2.13 per hour by defendants.

25. Shannon McSwain was paid cash wages of $12.00 per hour by defendants.

26. In addition to their hourly wage, plaintiffs also received tips from restaurant patrons.

27. Defendants claimed a "tip credit" under the FLSA so that they could pay servers less than the minimum wage of $7.25 per hour in wages.

28. Defendants required servers to "tip out" ten percent (10%) of their credit card tips to managers and twenty-five percent (25%) to server assistants.

29. Managers do not customarily and regularly receive tips.

30. The required "tip out" to server assistants is excessive.

31. Attached as Exhibit A is a close out sheet which shows the allocation of tips.

32. Cash tips were also irresponsibly and illegally distributed.

33. In effect, defendants took servers' tips and used them to pay managerial salaries.

34. This practice and policy was applied to all servers who worked at Doris Metropolitan.

35. Shannon McSwain regularly worked hours in excess of forty (40) hours per week and was never paid overtime.

36. A copy of a paycheck showing nonpayment of overtime for Shannon McSwain is attached as Exhibit B.

37. This practice and policy of not paying overtime is applied to all hourly employees, including servers, at Doris Metropolitan.

38. All conditions precedent to the bringing of this lawsuit have been satisfied and fulfilled.

V.

COLLECTIVE FAIR LABOR STANDARDS ACT VIOLATIONS

39. Plaintiffs and others were "suffered or permitted to work" by defendants during the relevant time period.

40. Plaintiffs and others were employees of defendants.

41. Defendants are engaged in commerce.

42. Plaintiffs who are servers were considered by defendants to be "tipped employees."

43. Defendants did not qualify for a tip credit because defendants took tips that belonged to plaintiffs and other servers.

44. Specifically, defendants required plaintiffs and other servers to tip out a portion of their tips to managers.

45. Managers do not customarily receive tips.

46. Defendants also failed to properly explain the tip credit.

47. By failing to pay minimum wages and/or overtime, defendants violated the Fair Labor Standards Act.

48. Because of the actions of defendants, plaintiffs and other hourly employees suffered damages within the jurisdictional limits of this Court.

49. Plaintiffs bring this action as a collective action pursuant to §216(b) of the FLSA. Plaintiffs allege that the FLSA violations were applicable companywide.

50. Plaintiffs are representative of those similarly situated individuals who are or were employees of Doris Metropolitan, employed on an hourly basis.

51. Some plaintiff consent forms are submitted with more to follow upon receipt.

## VI.

## DAMAGES

52. Plaintiffs seek all damages allowed under the FLSA, including:

   A. Issuance of notice as soon as possible to all hourly employees who were employed by defendants during the time the operated the restaurant. Generally,

    this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

B.     Judgment against the Defendants for an amount equal to Plaintffs' and the class' unpaid back wages, overtime, unpaid minimum wages and deductions from tips;

C.     Judgment against defendants that their FLSA violations were willful;

D.     An equal amount to the wages as liquidated damages;

E.     To the extent that liquidated damages are not awarded, an award of prejudgment interest;

F.     All costs incurred and reasonable attorney's fees for prosecuting these claims;

G.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H.     Leave to amend to add claims, including any claims under applicable state laws;

I.     Incentive awards to named plaintiffs; and

J.     For such further relief as the Court deems just and equitable.

WHEREFORE, premise considered, plaintiffs respectfully pray that defendants be summoned to appear and that, upon a trial on the merits, all relief requested be awarded to plaintiffs and similarly situated employees and for such other and further relief to which plaintiffs are justly entitled.

Respectfully Submitted,

*/s/Laura L. Catlett*

Laura L. Catlett, Attorney at Law, LLC

Louisiana Bar No. 31431

650 Poydras Street, Suite 1414

New Orleans, LA  70130

Telephone: (504)521-7958

Fax:  (866)587-6697

Email:  LauraLCatlettLaw@gmail.com

*/s/Megan Jacqmin*

Megan Jacqmin, Attorney at Law

Louisiana Bar No.  33199

301 N. Columbia Street

Covington, LA  70433

Telephone:  (504)655-5066

Fax:  (504)335-0646

Email:  Megan.Jacqmin@gmail.com

CERTIFICATE OF INTERESTED PARTIES

1. James Black
2. Mark Gandy
3. Ashley Newton
4. David Pierce-Feith
5. Austin Lane
6. Patrice Jones
7. Erin Lawrence
8. Jeffrey Blair
9. Zachary Adams
10. Asaria Crittenden
11. Elizabeth Kuzmovich
12. Shannon McSwain
13. Barbara Stamatelatos
14. Larry J. Hunt, Jr.
15. Carlos Ayestas
16. Laura L. Catlett
17. Megan Jacqmin
18. DMNO, LLC
19. Doron Moshe Rebi-Chia
20. Itai Ben Eli
21. Itamar Levy