IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES BLACK, et al., individually and on behalf of similarly situated employees,**<br><br>              **Plaintiff,**<br><br>**VERSUS**<br><br>**DMNO, LLC, et al.**<br><br>              **Defendants.** | **CIVIL ACTION NO. 2:16cv002708-SM-KWR** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH THE THIRD-PARTY SUBPOENA ISSUED TO HEARTLAND PAYMENT SYSTEMS, INC.**

     Pursuant to *Fed.R.Civ.P.* 45(d)(3), Defendants request that the Court issue an Order quashing the subpoena *duces tecum* that Plaintiffs issued to Heartland Payment Systems, Inc. ("Heartland") on November 7, 2017. The subpoena to Heartland seeks production of "[all documents in your possession, custody, or control reflecting or relating to spreadsheets, excel documents, and all data received for the period 1/1/2014-to date by DMNO, LLC and/or Doris Metropolitan" regarding a list of employees that is attached to the subpoena. **Exhibit 1**. The subpoena seeks production from Heartland by November 21, 2017, which is fourteen days after the discovery deadline.

     Defendants requests that the Court issue an Order quashing the subpoena to Heartland on two basis: 1) Pursuant to *Fed.R.Civ.P.* 45(a)(4), Plaintiffs failed to notify Defendants prior to serving the subpoena on Heartland; and 2) Pursuant to the Court's litigation deadlines as set forth in the Court's Order of January 31, 2017 (**Doc. #33**), and the Court's instructions to Plaintiffs' counsel after the June 2017 status conference, the subpoena to Heartland seeks the production of

documents after the discovery deadline, which was November 7, 2017, and is an attempt to circumvent the discovery deadline established by the Court.

> **I.    Plaintiffs Did Not Comply With *Fed.R.Civ.P.* 45(a)(4) When They Failed to Give Notice to Defendants Before Issuing the Third-Party Subpoena to Heartland.**

Plaintiffs issued the subpoena to Heartland on the evening of November 7, 2017, which was the final day of discovery, seeking production from Heartland on November 21, 2017. Plaintiffs' counsel notified Defendants' counsel of the issuance of the subpoena on November 9, 2017. **Exhibit 2.** Plaintiffs failed to comply with *Fed.R.Civ.P.* 45(a)(4) which states:

> (4)  *Notice to Other Parties Before Service*.  If the subpoena commends the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Defendants recognize that the Court is vested with wide discretion regarding discovery issues. Plaintiffs' failure to serve notice upon Defendants before issuing the subpoena to Heartland is particularly egregious, however, because Plaintiffs are attempting to circumvent the discovery deadline established by the Court by seeking payroll files from Heartland that they failed to seek from Defendants in a timely manner.  In a similar case, the Eight Circuit upheld the District Court's decision to quash a subpoena that was issued on the last day of discovery to two non-parties, which sought production of the entire files from the two non-parties that were pertinent to the issues in the litigation. *Firefighters' Inst. For Racial Equality v. City of St. Louis*, 220 F.3d 898 (8th Cir. 2000).  Here, Plaintiffs' last minute "no advance notice" effort to subpoena a substantial amount of documents from Heartland should not be allowed by the Court and the subpoena should be quashed on this basis alone.

> **II.    The Issuance of the Subpoena to Heartland is an Attempt To Circumvent the Court's Discovery Deadline and a Prior Order of the Court on the Issuance of Written Discovery to Defendants.**

Pursuant to the Court's scheduling Order issued on January 31, 2017 (**Doc. #33**), "[d]epositions for trial use shall be taken and all discovery shall be completed not later than November 7, 2017." On page 1, the scheduling Order also states: "The deadlines set forth herein are not 'suggestions' but <u>firm</u> deadlines which will be strictly enforced."

In addition to the January 31, 2017 scheduling Order, the parties attended a status conference before Judge Morgan on June 13, 2017. At the conference, the parties discussed the status of discovery. As of June 2017, Defendants had issued written discovery to Plaintiffs and had taken the depositions of three Plaintiffs. Plaintiffs' counsel told Judge Morgan that they had not yet engaged in discovery on Defendants.[1] After the conference, Judge Morgan issued a Minute Entry stating "[p]laintiffs will serve during the month of July written discovery on the Defendants." **Exhibit 3 (Doc. #35).** Presumably, Judge Morgan directed counsel to issue written discovery in July 2017 based on counsel's representation that she had not yet engaged in any discovery. Despite Judge Morgan's express direction, Plaintiffs did not serve written discovery on Defendants until 6:10 p.m. on October 12, 2017. **Exhibit 4**. In part, Plaintiffs' written discovery served on October 12, 2017 seeks payroll records for all the Plaintiffs who opted into the collective action.[2]

Defendants' responses to Plaintiffs' written discovery are due after the discovery deadline of November 7, 2017. In apparent recognition that they are untimely with the issuance of the

---

[1] The parties waived the *Fed.R.Civ.P.* 26(a)(1) initial disclosures. **See Doc. #33, p. 2.**

[2] In Judge Morgan's June 13, 2017 Minute Entry, the Judge allowed until July 31, 2017 for the potential class members to opt into the collective action. Accordingly, as of August 1, 2017, Plaintiffs knew the identities of their entire Plaintiff class. Moreover, as of July 1, 2016, almost a full year before the June 2017 status conference, Plaintiffs' counsel had filed thirteen consent forms for Plaintiffs. **Doc. ##13-25.** Despite counsel's knowledge of almost their entire Plaintiff class as of July 1, 2016, Plaintiffs did not serve written discovery upon Defendants until October 12, 2017.

written discovery to Defendants, Plaintiffs issued the third-party subpoena to Heartland on November 7, 2017, which seeks to circumvent the discovery deadline established by the Court by having Heartland, a third-party, produce documents that Plaintiffs failed to timely seek from Defendants.

Defendants submit that it is imperative for parties to adhere to Court imposed deadlines. The Court's initial scheduling Order sets forth an unequivocal caution to the parties that the deadlines in the Order are <u>firm</u> deadlines that will be strictly enforced.  In addition to the initial scheduling Order, Judge Morgan expressly instructed Plaintiffs to serve written discovery upon Defendants in July 2017, which would have allowed Defendants to respond to the written discovery well within the discovery deadline, and would have allowed time for the Court to address any objections that Defendants may have made regarding the scope of the written discovery issued by Plaintiffs.  Plaintiffs simply failed to adhere to the Court's Orders and can offer no extraordinary or compelling reason why they could not comply with the Court's Orders that were issued on January 1, 2017 and June 13, 2017 regarding discovery.

For the foregoing reasons, Defendants request that the Court issue an Order quashing the third-party subpoena issued to Heartland on November 7, 2017, the last day of discovery, and which calls for production from Heartland on November 21, 2017, fourteen days after the discovery deadline.

Respectfully submitted this the 13th day of November, 2017.

        Respectfully submitted,

        DMNO, LLC

        s/Steven R. Cupp
        Steven R. Cupp, Esq. (LA BAR NO. 21413)
        Jaklyn Wrigley, Esq., PHV
        FISHER & PHILLIPS LLP

2505 14th Street, Suite 300
Gulfport, Mississippi 39501
(228) 822-1440 - Telephone
(228) 822-1441 – Facsimile
scupp@fisherphillips.com
jwrigley@fisherphillips.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the forgoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH THE THIRD-PARTY SUBPOENA ISSUED TO HEARTLAND PAYMENT SYSTEMS, INC.** with the Clerk of Court using the ECF-System, which sent notification of same to the following:

Laura L. Catlett, Esq.
650 Poydras Street, Suite 1414
New Orleans, Louisiana 70130
Telephone: (504) 521-7958
Facsimile: (866) 587-6697
LauraLCatlettLaw@gmail.com

and

Jessica Vasquez, Esq.
Vasquez Law
400 Poydras Street, Suite 900
New Orleans, Louisiana 70130
Telephone: (504) 571-9582
Facsimile: (504) 684-1449
jvasquez@vasquezlawoffice.com

DATED this the 13th day of November, 2017.

        s/Steven R. Cupp
        STEVEN R. CUPP, ESQ.