UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JAMES BLACK, et al, individually and on
behalf of those similarly situated employees,

               Plaintiffs,               CIVIL ACTION NO. 2:16cv02708

VERSUS

DMNO, LLC, et al

               Defendants


**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This is a lawsuit brought under the Fair Labor Standards Act (the "FLSA") by former tipped employees of Defendant, DMNO, LLC, (d/b/a Doris Metropolitan, hereinafter referred to as "Doris") seeking to recover unpaid minimum wages and tips misappropriated as a result of an invalid tip pooling arrangement. One Plaintiff, Shannon McSwain, was a bar manager paid hourly wages above the federally mandated minimum wage, seeks to recover unpaid overtime wages. Additionally, all Plaintiffs seek additionally damages in the form of liquidated damages and attorney fees. Plaintiffs seek judgment on the issue of liability on the part of Defendants for failure to pay minimum and overtime wages as a result of tip credit violations which render the tip pooling arrangement invalid.

There are no genuine issues of material facts in dispute that (1) Plaintiffs and Defendant, DMNO, LLC are covered under the FLSA as employees and employer, respectively; (2)

1

Defendants utilized the tip credit to pay servers $2.13/hour; (3) Defendants failed to pay minimum wage for hours worked where there was no opportunity to earn tips; (4) Defendants failed to pay overtime to Shannon McSwain; and (5) Defendants were not entitled to utilize the tip credit because of an invalid tip pooling arrangement in which managers participated and the employer retained tips. Accordingly, Plaintiffs are entitled to summary judgment as a matter of law on the issue of Defendants' liability for these violations of the FLSA.

## II.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure mandate entry of summary judgment where "no genuine issue as to any material fact" exists and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once a motion for summary judgment is made and properly supported, an adverse party may not rest on allegations or denials, but must produce admissible evidence of specific and supported material facts which indicate a genuine issue of material fact actually exists. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the non-movant's burden." *Douglas v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996), *superseded by statute on other grounds.* The non-movant "must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1442 (5th Cir. 1993).

## III.   FACTUAL BACKGROUND

Plaintiffs, with the exception of Shannon McSwain, who was a bartender, worked as servers at Doris, where they were all "engaged in commerce" as required by the FLSA. *See*

Rec. Docs. 1 and 6 at ¶¶ 3-17.  DMNO, LLC operates Doris and is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).  *See* Rec. Docs. 1 and 6 at ¶18. All Plaintiffs worked at Doris within three years of the filing of the Complaint in this matter.  *See* Rec. Docs. 1 and 6 at ¶ 22.  Servers were paid cash wages of $2.13 per hour and Shannon McSwain was paid $12.00 per hour.  *See* Rec. Docs. 1 and 6 at ¶¶ 24-25.  In addition to their hourly wage, servers also received tips from restaurant patrons.  *See* Rec. Docs. 1 and 6 at ¶26.  Defendants claimed a "tip credit" under the FLSA.  *See* Rec. Docs. 1 and 6 at ¶27.  Defendants operated a tip pool in which Service Captains (listed as managers on close out sheets showing allocation of tips) received 10% of servers' tips.  *See* Rec. Docs. 1 and 6 at ¶28 and Exhibit A to Doc. 1.

Defendant, Itai Ben Eli is a Manager of DMNO, LLC.  *See* Rec. Docs. 1 and 6 at ¶20.  In his role as Manager, he is in charge of the front of the house.  Deposition of Ben Eli at 8, 12-14, Exh A.  He would also cover manager shifts as needed.  *Id* at 18, 4-9.

IV.   **LEGAL ANALYSIS**

   1. **Defendants are not entitled to utilize the tip credit**

Although the FLSA mandates that employers pay employees a minimum wage of $7.25 per hour, employers may pay employees who receive tips from customers $2.13 per hour if the total amount of tips equals or exceeds the difference between the national minimum wage and $2.13 ($5.12).  29 U.S.C. §§ 203 (m)(2), 206(a)(1); 29 C.F.R. §§ 531.52, 531.59.

When an employer pays its employees under this structure, the employer claims a "tip credit."  *Montano v. Montrose Rest. Assocs.,* 800 F.3d 186, 188 (5th Cir. 2015).  Under §

3

203(m), an restaurant (employer) may not claim a tip credit unless "all tips received by [a tipped] employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." *Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872, 874 (8th Cir.2011). Thus, the general rule is that an employer may not claim the tip credit unless a tipped employee is permitted to retain all of his tips. *Id.* If an employee is required to share tips with an employee who does not customarily and regularly retain tips, the employer may not legally take a tip credit. *Id.* **The employer carries the burden to prove its entitlement to the tip credit.** *Montano* at 189 (emphasis added).

The tip pool arrangement at Doris provided that servers would contribute 10% of their tips to the manager(s) on duty for any given shift. It is noted that Defendants now (since the filing of this suit) elect to refer to managers as "service captains," but for purposes of this memorandum and to avoid confusion, the term manager will be used. The record evidence clearly demonstrates that at times when Itai Ben Eli was listed on close out sheets as a manager, the employer, DMNO, LLC, illegally and improperly retained tips.

- Itai Ben Eli, manager of DMNO, LLC, worked management shifts at Doris. (Deposition of Ben Eli at 8, 12-14, Exh A.)

- A percentage of servers' tips was distributed to the manager(s) for each shift at Doris and this percentage was deducted from servers' tips when Itai Ben Eli acted as floor manager. This is confirmed by the deposition testimony of Dontay Kinchen, a server at Doris who was a former manager (Deposition of

4

Dontay Kinchen at 19, 14-21, Exh B); Melissa Rogers, current general manager a Doris who was a former floor manager (Deposition of Melissa Rogers at 14, 7-15, Exh C); and Tiffanie Campbell, office manager at Doris who is in charge of reconciling close out sheets and reporting amounts to payroll (Deposition of Tiffanie Campbell at 11, 4-21, Exh D, including Exhibit 2 to deposition-February 8, 2015 close out sheet).

- According to Tiffanie Campbell, the tips that were deducted from servers and intended for managers when Itai Ben Eli managed were not distributed but remained in the operating account of DMNO,LLC. (Campbell 14, 3-5, Exh D)

- Itamar Levy instructed Tiffanie Campbell not to distribute tip amounts deducted from servers' and allotted for Itai Ben Eli. As a result, those tips (10% of servers' tips) were retained in the DMNO, LLC account. (Campbell at 14, 15-20, Exh D).

- Itamar Levy is a manager of DMNO,LLC and owner operator of Doris. *See* Rec. Docs. 1 and 6 at ¶21.

- Itamar Levy admitted that the amounts deducted from servers' tips and allotted for manager(s) when Itai Ben Eli managed were deposited in the operating account of DMNO, LLC. (Deposition of Itamar Levy at 6 and 7, 1-16, Exh E).

This is the very definition of employer retention of tips and invalidates the tip credit. As the tip credit is a privilege and not a right, the burden is on Defendants to prove that no employee tips were retained by DMNO, LLC. Plaintiffs submit that they

5

cannot meet this burden and summary judgment should be granted.

**2. Defendants are not entitled to use service charges to offset minimum wage liability**

Defendants cannot rely on mandatory gratuities retained by Plaintiff to satisfy their minimum wage obligations because the mandatory gratuities did not become a part of DMNO,LLC's gross receipts and therefore do not qualify as service charges under the FLSA. Under the FLSA, if the mandatory gratuities are service charges Defendants would be entitled to offset the full amount of the charge against their minimum wage liability. According to DOL regulations implementing the FLSA, a "tip" is "a sum presented by a customer as a gift or gratuity in recognition of some service performed for him." 29 C.F.R. § 531.2. By contrast, a "service charge" is a "compulsory charge for service…imposed on a customer by an employer's establishment." 29 C.F.R. § 521.55(a). The DOL's regulations provide that "service charges and other similar sums *which become part of the employer's gross receipts* are not tips for the purposes of the Act. Where such sums are distributed by the employer to its employees, however, they may be used in their entirety to satisfy the monetary requirements of the Act." 29 C.F.R. § 531.55(b).

"At least two prerequisites" must be satisfied in order "to count 'service charges' as an offset to an employer's minimum wage liability. The service charge (1) 'must have been included in the establishment's gross receipts,' and (2) it must have been distributed by the employer to its employees." *McFeeley v. Jackson St. Entm't, LLC,* 825 F.3d 235,246 (4th Cir. 2016) (citations omitted) (first quoting *Hart v. Rick's Cabaret Int'l, Inc.,*

967 F. Supp. 2d 901, 929 (S.D.N.Y. 2013). *"The employer bears the burden of proving entitlement to any exemptions or exceptions to the Act's compensation requirements,"* including entitlement to credit service charges against its wage obligations. *Benshoff v. city of Virginia Beach,* 180 F.3d 136, 140 (4th Cir. 1999) (emphasis added).

In an incredibly recent decision regarding the use of service charges to offset a restaurant's minimum wage liability, a court found that simply keeping track of mandatory gratuities was not sufficient to establish and employer's entitlement to treat the gratuities as wages. *Prusin v. Canton's Pearls, LLC,* 16-0605, (D. Md., November 6, 2017). "What matters is not just whether the defendant recorded the amount of money received in service charges, but whether that money was treated as having been recorded by [Defendant] for accounting purposes, tax purposes, etc." (citing *Hart,* 967 F. Supp. at 929-30). In *Prusin*, the employees received both voluntary tips and mandatory gratuities. Although, Defendants tracked and recorded all mandatory gratuities, including the amount received from customers and the amount paid out to employees, thereby contending that mandatory gratuities were properly recorded for purposes of satisfying wage requirements of the FLSA. *Prusin* at 15. The *Prusin* Defendants' evidence revealed that voluntary tips and mandatory gratuities were treated identically for accounting purposes. *Id* at 16. Unpersuaded, the court held "the fact that Defendants recorded mandatory gratuities as if they were voluntary tips for employee tax withholding purposes, while simultaneously failing to record those same charges as part of" Defendants' "gross receipts for tax purposes, clearly indicates that they were at all times viewed as income solely of the employee, not the employer." *Id*.

The record in this case reveals that DMNO,LLC cannot show that mandatory gratuities were treated in accordance with the laws and jurisprudence governing the use of such service charges to offset minimum wage liability.

- Documentary evidence that could satisfy the requirements discussed hereinabove is not listed on Defendants' Exhibit List.  *See* Rec. Doc. 43.
- Defendants' only documentary evidence related to service charges is an "Excel spreadsheet, authenticated by Mr. Levy, showing the amount of tips/service charges paid to Service Captains/Service Managers during the relevant time period of this litigation compared to the amount of compulsory service charges during the same time period. *Id.*
- DMNO, LLC added tips and service charges before distributing them amongst employees, thereby treating tips and service charges the same. Ben Eli at 14, 20-25 and 15, 1-4, Exh A.
- During the time period relevant to this case, automatic gratuities on parties of six or more were discretionary and left up to the server at Doris. Kinchen at 24, 17-22, Exh B.
- Voluntary tips and automatic gratuities were added together and therefore indistinguishable on the close out sheets utilized by DMNO, LLC. Rogers at 19, 8-15, Exh C.

Defendants made no differentiation between voluntary tips and mandatory gratuities, failed to treat mandatory gratuities as service charges for tax purposes and

cannot produce documents to meet the requirements necessary to establish their offset to minimum wage requirements. Additionally, these same failures on the part of the Defendants prevent them from asserting ownership of the mandatory gratuities and using them to mitigate their liability for improperly distributed tips.

## V.   CONCLUSION

Based on the foregoing reasons and legal authorities, Plaintiff submits that there are no genuine issues of material fact in dispute that Defendants (1) are not entitled to the tip credit, and (2) are not entitled to an offset of their FLSA wage liability through the use of service charges. As such, based upon the record evidence and the applicable legal authorities, Plaintiffs respectfully request that this Court grant their Motion for Partial Summary Judgment.

Respectfully submitted,

*/s/Laura L. Catlett*

Laura L. Catlett, Attorney at Law, LLC

Louisiana Bar No. 31431

3014 Dauphine Street, Suite X

New Orleans, LA  70117

Telephone: (504)521-7958

Fax:  (866)587-6697

Email:  LauraLCatlettLaw@gmail.com


and

> */s/Jessica M. Vasquez*
>
> Vasquez Law Office
>
> Louisiana bar No. 27124
>
> 400 Poydras Street, Ste 900
>
> New Orleans, LA  70130
>
> Telephone:  (504)571-9582
>
> Fax:  (504)684-1449
>
> jvasquex@vasqueslawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2017, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in the proceeding.

> /s/ *Laura L. Catlett*
> LAURA L. CATLETT