# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| JAMES BLACK, ET AL | CIVIL ACTION |
|---|---|
| VERSUS | NO: 16-02708 |
| DMNO, LLC ET AL | SECTION: "E" (4) |

## ORDER

Before the Court is Defendants' **Motion to Quash the Third-Party Subpoena Issued to Heartland Payment Systems, Inc. (R. Doc. 47).** The motion is opposed. R. Doc. 56. The motion was submitted on November 29, 2017.

## I. Background

The instant litigation is an FLSA collective action filed by the Plaintiffs. R. Doc. 1. The Plaintiffs allege that the Defendants, who are the owners and operators of Doris Metropolitan a restaurant in New Orleans, Louisiana, paid its servers $2.13 per hour and took tip credit from the customer tips to satisfy the required $2.75 minimum wage, however, it is also alleged that Defendants also appropriated a percentage of the servers' tips in order to subsidize managerial salaries. R. Doc. 1, p. 2. Plaintiffs allege that by appropriating the tips this way the Defendants lose the employer privilege of using tip credit to satisfy minimum wage. *Id.* In addition, the Plaintiffs contend that the Defendants refused to pay overtime to employees and failed to pay tipped employees minimum wage for the hours worked where there was no opportunity for tips. *Id*.

On November 13, 2017, the Defendants filed the instant motion to quash a subpoena that was sent to a third-party in this case. R. Doc. 47. The Defendants argue that the subpoena should be quashed because the Plaintiffs did not notify the Defendants prior to serving the subpoena on

the third-party and that the Plaintiffs seek the production of documents after the discovery deadline. R. Doc. 47-5, pp. 1, 2.

The Plaintiffs oppose the motion. R. Doc. 56. They argue that the subpoena was sent by certified mail on November 7, 2017, the Defendants were timely notified on November 9, 2017, and that as of November 19, 2017, service has not been made and therefore there is no violation of the Federal Rules of Civil Procedure. R. Doc. 56, p. 2. Plaintiffs further argue that there was no possible way to serve the subpoena prior to the discovery deadline because the Defendants canceled the deposition of the individual who knew of the payroll company and only learned of the third-party's name from the rescheduled deposition on November 7, 2017, the same day the subpoena was sent. R. Doc. 56, *Id*. at p. 3. Finally, Plaintiffs state that a new scheduling order resetting the deadlines in this case will be issued because the District Court set a scheduling conference for November 30, 2017.

## II.     **Standard of Review**

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The Court may also modify or quash a subpoena that requires the disclosure of a trade secret or an unretained expert's opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B). Finally, Rule 45(d)(3) provides that the court which has the power to quash a subpoena is "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A), (B).

Subpoenas under Rule 45 may be served upon both party and non-parties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May, 2, 2014).

### III.  Analysis

First, pursuant to Rule 45(d)(3), a subpoena can be quashed or modified by the court for the district where compliance with the subpoena is required. The subpoena in contention in the instant motion was issued by the United States District Court for the Eastern District Louisiana to Heartland Payment Systems, Inc. ("Heartland"). R. Doc. 47-1. Heartland is located 90 Nassau Street, Princeton, New Jersey 08542. The subpoena issued in this case commands Heartland to produce document to the Vazquez Law Office located at 400 Poydras Street, Suite 900, New Orleans, LA 70130. *Id*.

The subpoena in this case is clearly commanding that Heartland produce the documents at an address in New Orleans. Because New Orleans, Louisiana is within the jurisdiction of the U.S. Court for the Eastern District of Louisiana this Court is the court of compliance under Rule 45(d)(3). *See Fidelis Grp. Holdings, LLC v. Chalmers Automotive, LLC*, No. 16-3258, 2016 WL 4547994 (E.D. La. Sept. 1, 2016); *Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14-cv-87, 2014 WL 1576017, at *1 (S.D. Ohio Apr. 17, 2014).

Second, because the Court has the authority to quash or modify the subpoena in question, the Court must next turn to whether the Defendants have standing to bring the motion to quash. As it relates to standing:

> Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal

right or privilege with regard to the documents sought. This personal right or privilege standard has been recognized in numerous cases.

C. Wright & A. Miller, 9A Fed. Prac. and Proc. Civ. § 2459 (3d ed.); *accord Brown v. Braddick,* 595 F.2d at 967; *See Winter v. Bisso Marine Co., Inc.*, No. 13-5191, 2014 WL 3778833, at *2 (E.D. La. July 29, 2014).

In the instant case, the subpoena in question seeks "[a]ll documents in your possession, custody, or control reflecting or relating to spreadsheets, excel documents, and all data received for the period of 1/1/2014-to date by DMNO, LLC and/or Doris Metropolitan." The subpoena also seeks all paystubs issued to seventeen individuals, including fifteen who are plaintiffs in the case. R. Doc. 47-1.

When attempting to quash a subpoena to a third-party the movant must claim some personal right or privilege in regard to the materials being sought and make a showing that there is a personal right to be protected. *See Adams v. Dolgencorp, LLC*, No. 11-784, 2012 WL 1867123, *1 (M.D. Louisiana May 22, 2012) (holding that movant had no standing when there was no showing of a "personal right to be protected, *i.e.,* a privacy interest"); *See also Bisso Marine Co., Inc.*, 2014 WL 3778833 at *2 (finding standing when the movant demonstrated a privacy interest in the materials sought by a subpoena to a third party).

The documents requested in this case are the payroll files and information sent from the Defendants to their payroll company. The Court finds that the Defendants have a personal right in the payroll information that was sent to Heartland. As a result, the Court finds that the Defendants have standing to bring the motion to quash and will evaluate their arguments with respect to the subpoena.

The Defendants argue that the subpoena did not comply with Rule 45(a)(4)'s notice requirement. They also argue that the subpoena was an attempt to circumvent the discovery

deadline in the case. A review of the Rule as well as the record does not support Defendants' arguments.

Rule 45(a)(4) requires that if a subpoena commands the production of documents, ESI, tangible things or the inspection of premises before trial "then before it is served on the person to whom it is directed, a notice and copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The instant subpoena was issued on November 7, 2017, and Defendants indicate that they received notice on November 9, 2017. R. Doc. 47-2. According to the Plaintiffs, as of the filing of their opposition to the motion on November 19, 2017, no service had been made on Heartland. R. Doc. 56, p. 2. The clear language of the Rule requires notice before service, and while Defendants were given notice two days after the issuance no service had yet been made so the Rule had not been violated.

Next, Defendants argue that the subpoena is an attempt to circumvent the discovery deadline of November 7, 2017. R. Doc. 47-5, p. 3. They argue that because the subpoena requires a response on November 21, 2017, it is attempting to circumvent the District Court's deadline.

In opposition, the Plaintiffs state that the subpoena was not meant to circumvent discovery because they asked defense counsel for the information of the payroll company, but did not receive it, and it was only during a deposition on November 7, 2017, that they learned of Heartland and immediately sent the subpoena. R. Doc. 56, p. 3. They argue that the subpoena was issued in an attempt to be diligent in their discovery. Finally, Plaintiffs state that the District Court has issued an order resetting deadlines in the case making the issue moot. *Id.*

It has been noted that "subpoenas duces tecum must also comply with discovery deadlines to avoid being quashed." 9A Fed. Prac. & Proc. Civ. § 2459. Further, courts have noted that parties should "not be able to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery." *Id.* at § 2452. *See Goldstein v. F.D.I.C.*,

5

494 B.R. 82, 87 ("[C]ourts have held that Rule 45 subpoenas are subject to the same discovery deadlines and orders as any other type of discovery."); *Abrams v. Ciba Specialty Chemicals Corp.*, 265 F.R.D. 585 (S.D. Ala. 2010) (subpoena duces tecum was denied because it would have allowed defendant to circumvent discovery deadline); *Surbella v. Foley*, 2006 WL 300749 (D.C. Ohio 2006) (A subpoena issued before the close of discovery that scheduled a deposition after the end of the discovery period was not enforced); *Alper v. U.S.*, 190 F.R.D 281 (D.C. Mass. 2000) (Rule 45 subpoenas are subject to parameters established by Rule 26).

On November 15, 2017, the District Court issued an order continuing the trial and pre-trial deadlines in this matter. R. Doc. 52. This occurred after the instant motion was filed, but prior to the submission date. Further, on November 30, 2017, the District Court set a new discovery deadline of March 27, 2018. R. Doc. 65. Due to the motion to continue and new deadlines, the subpoena sought information within the deadlines set in the case and therefore Defendants argument with respect to that issue should be denied.

**IV.** **Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Quash the Third-Party Subpoena Issued to Heartland Payment Systems, Inc. (R. Doc. 47)** is **DENIED**.

New Orleans, Louisiana, this 18th day of January 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**