UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES BLACK, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-02708** |
| **DMNO, LLC, ET AL.** | **SECTION: "E" (4)** |

## ORDER

Before the Court is Plaintiffs' **Motion to Compel Discovery Requests (R. Doc. 80)** seeking an order compelling the Defendant to produce responses to Request for Production Nos. 21 and 22 and seeking the attorney's fees and expenses incurred in filing the motion.

The Scheduling Order states that "all discovery shall be completed not later than March 27, 2018." R. Doc. 65. As this Court has previously stated, "[c]ompletion of discovery means that … any related discovery disputes must be resolved by the deadline as well." *Global Int'l Marine, Inc. v. HLC Tugs, LLC*, No. 09-1375, 2010 WL 1158478, at *1 (E.D. La. July 19, 2010) (citing *Front-Line Promotions & Mktg., Inc. v. Mayweather Promotions, LLC*, No. 08-3208, 2009 WL 928568, at *4 (E.D. La. Apr. 2, 2009) (Roby, J.)). This means that a motion to compel discovery must be resolved, not just filed, by the discovery deadline.

The instant motion to compel was filed on April 3, 2018. R. Doc. 80. The motion was set for hearing on April 18, 2018. *Id.* Both the date of filing and the date for hearing were outside of the discovery deadline and could not be resolved within the Scheduling Order. Accordingly, because the motion to compel could not be resolved within the Scheduling Order's deadline, the Plaintiffs are required to provide good cause why they should be permitted to seek discovery after the deadline.

In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for

the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

The Court finds that the Plaintiffs have not established that good cause exists to pursue discovery beyond the deadline. The Plaintiffs do not address the untimeliness of the motion, the good cause factors, or make any argument as to why good cause exists for the untimely motion. The discovery responses sought were due on March 23, 2017, four days before the discovery deadline and Plaintiffs did not file a motion to compel and move for an expedited hearing on the motion before the deadline. The Court finds that no good cause exists for the untimely motion to allow discovery beyond the deadline set by the presiding Judge.

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion to Compel Discovery Requests (R. Doc. 80)** is **DENIED.**

New Orleans, Louisiana, this 18th day of April 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**