# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES BLACK, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2708** |
| **DMNO, LLC, ET AL.,**<br>    **Defendants** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is the Parties' Joint Motion to Approve the Settlement and to Dismiss Plaintiff Shannon McSwain's Claims with Prejudice.[1] For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Shannon McSwain, along with named Plaintiffs Mark Gandy; Ashley Newton; David Pierce-Feith; Austin Lane; Patrice Jones; Erin Lawrence; Zachary Adams; Asaria Crittenden; Elizabeth Kuzmovich; Larry Hunt, Jr.; and Carlos Ayestas, filed this collective action, individually and on behalf of all others similarly situated, on March 31, 2016.[2] Plaintiffs allege Defendants DMNO, LLC; Doron Moshe Rebi-Chia; Itai Ben Eli; and Itamar Levy violated the Fair Labor Standards Act of 1938[3] by, *inter alia*, failing to pay Plaintiff McSwain overtime wages for all hours worked in excess of 40 hours per week.[4]

The Court conditionally certified the collective class on November 29, 2016.[5] Relevant to the instant motion, the class includes those "employed as a bartender and paid as an hourly employee at Doris Metropolitan within the past three years [who were] not

---

[1] R. Doc. 93.
[2] R. Doc. 1.
[3] 29 U.S.C. § 201, *et seq.*
[4] R. Doc. 1 at 2.
[5] R. Doc. 31.

1

paid overtime."[6] On April 2, 2018, the parties reached a settlement agreement with respect to Plaintiff McSwain's claims during a settlement conference with the assigned magistrate judge.[7] On May 14, 2018, the Parties jointly moved to approve the proposed settlement agreement and dismiss Plaintiff McSwain's claims with prejudice.[8] No other bartenders timely opted-in to the class.

## STANDARD OF LAW

The Court "must approve any settlement reached by the parties which resolves the claims in this action brought under [29 U.S.C. § 216(b)]."[9] "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."[10] The Court must scrutinize the proposed settlement agreement to verify that parties are not circumventing the "clear FLSA requirements" by entering into a settlement agreement.[11] When deciding whether to approve a proposed settlement, the Court must assess whether the proposed settlement is both (1) the product of a bona fide dispute over the FLSA's provisions and (2) fair and reasonable.[12]

## ANALYSIS

I. The Settlement is the Product of a Bona Fide Dispute

When deciding whether a bona fide dispute exists, the Court considers whether

---

[6] *Id.* at 2.
[7] R. Doc. 82.
[8] R. Doc. 93-1.
[9] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008).
[10] *Id.* at 719.
[11] *See id.*
[12] *Domingue v. Sun Electric & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (E.D. La Apr. 26, 2010).

there is a "genuine dispute as to the Defendant's liability under the FLSA,"[13] as "[w]ithout a bona fide dispute, no settlement could be fair and reasonable."[14] This is particularly true in an "FLSA [action because its provisions] are mandatory, and not subject to negotiation and bargaining between employers and employees."[15]

The Court finds that a bona fide dispute exists between Plaintiff McSwain and Defendants with regard to whether Defendants violated the FLSA. The parties contested both the hours worked and compensation due. Counsel for the Parties have exchanged relevant payroll and personnel data and time records relevant to Ms. McSwain's claims in connection with the evaluation and negotiation of settlement. A separate individualized analysis of time and payroll records was performed by the Parties' respective counsel and compared with the allegations and claims asserted by Plaintiffs. The Parties have conducted formal discovery and undergone independent investigations of the facts and law throughout this action. The Court finds this sufficient to conclude that, in this case, there was "both aggressive prosecution and strenuous defense" to prove a bona fide dispute.[16]

II. The Settlement is Fair and Reasonable

In determining whether a negotiation is fair and reasonable under the FLSA, courts are guided by *Reed v. General Motors Corporation*, in which the Fifth Circuit enumerated factors to determine whether a settlement is fair in a class action under Rule 23 of the Federal Rules of Civil Procedure.[17] Courts, however, "adopt or vary these factors in their

---

[13] *Allen v. Entergy Operations, Inc.*, No. 11-1571, 2016 WL 614687, at *1 (E.D. La. Feb. 11, 2016).
[14] *Collins*, 568 F. Supp. 2d at 719.
[15] *Allen*, 2016 WL 614687, at *1.
[16] *See Atkins v. Worley Catastrophe Response, LLC*, No. 12-2401, 2014 WL 1456382, at *2 (E.D. La. Apr. 14, 2014).
[17] *Allen*, 2016 WL 614687, at *2; *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). *See also Collins*, 568 F. Supp. 2d at 722 (noting "Rule 23 does not control FLSA collective actions, [but] many courts have adopted many of Rule 23's procedures" given the court's discretion under §216(b)).

3

application in light of the special role of the Court in settlement of FLSA claims."[18] There are six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.[19]

### A. Application of the Factors

#### 1. *The existence of fraud or collusion behind the settlement*

With respect to the "fraud or collusion" factor, there are several presumptions that guide a court's determination of whether a settlement is fair and reasonable. "[T]here is a strong presumption in favor of finding a settlement fair,"[20] and, absent evidence to the contrary, there is a presumption that no fraud or collusion occurred between counsel.[21] In light of these presumptions, however, "it is clear that the court should not give rubber-stamp approval."[22] The Court has found no indication of fraud or collusion. The Parties have engaged in discovery, motions practice, and negotiations to resolve this matter. This factor indicates the settlement is fair and reasonable.

#### 2. *The complexity, expense, and likely duration of the litigation*

The instant case has been pending for more than two years. Although the discovery period concluded on March 27, 2018 and a four-day bench trial is set to begin June 4, 2018,[23] there are still numerous unresolved issues that remain. The Court finds that the unresolved

---

[18] *Collins*, 568 F. Supp. 2d at 722.
[19] *Id.* (citing *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004)).
[20] *Domingue*, 2010 WL 1688793, at *1 (internal quotations omitted).
[21] *Akins*, 2014 WL 1456382, at *2.
[22] *Id.* (quoting 4 NEWBERG ON CLASS ACTIONS §11.41 (4th ed.)).
[23] R. Doc. 65.

issues and the complexity of the litigation indicate the settlement is fair and reasonable.

   3. *The stage of the proceedings and the amount of discovery completed*

A court will consider how much formal discovery has been completed for two reasons: (1) "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information," and (2) "full discovery demonstrates that the parties have litigated the case in an adversarial manner and . . . therefore . . . settlement is not collusive but arms-length."[24] The lack of much formal discovery is not necessarily fatal, however, and a court may look to informal avenues of gathering information or may approve a settlement with no formal discovery conducted.[25]

In this case, the Parties have engaged in both pre-certification discovery as well as extensive "merits" discovery for the last two years. The parties have exchanged thousands of pages of documents and undergone two rigorous settlement conferences.[26] The Court, therefore, finds the Parties have litigated the case in an adversarial manner and are sufficiently familiar with the facts of this case to reach a fair settlement. This factor weighs in favor of finding the settlement fair and reasonable.

   4. *The probability of Plaintiff McSwain's success on the merits*

It is uncertain at this point whether and the extent to which Ms. McSwain would be successful at trial. The Parties have reviewed and analyzed the defenses asserted by Defendants. Although the Parties do not agree about all inferences that might be properly

---

[24] NEWBERG ON CLASS ACTIONS § 13:50 (5th ed.)
[25] *See id*; *In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 241 (5th Cir. 1982) (explaining that formal discovery is not "a necessary ticket to the bargaining table" where the parties and the court are adequately informed to determine the fairness of the settlement) (*citing In re Corrugated Container Antitrust Litigation*, 643 F.2d 195, 211 (5th Cir. 1981)).
[26] R. Docs. 45, 82.

drawn from the undisputed facts, they submit they are confident that continued litigation of Ms. McSwain's claims would not produce results more economically beneficial than this stipulated compromise settlement.[27] The Court finds that given the unresolved disputes between the parties and the stage at which this litigation remains, it is unclear whether and to what extent Ms. McSwain would be meritorious. This factor indicates the settlement is fair and reasonable.

### 5. *The range of possible recovery*

The settlement amounts for Ms. McSwain are based on a negotiated number of overtime hours that Ms. McSwain allegedly worked but for which she was not paid overtime.[28] A portion of the settlement amount due to Ms. McSwain is designated as wages and subject to applicable income and payroll taxes and withholding.[29] The remaining portion is designated as damages and not subject to any taxes or withholdings.[30] The Court finds that all of the agreed-upon amounts are within a range of possible recovery for the Plaintiffs, indicating the settlement is fair and reasonable.[31]

### 6. *The opinions of class counsel, class representatives, and absent class members*

The only parties to the settlement are Plaintiff McSwain and Defendants Defendants DMNO, LLC; Doron Moshe Rebi-Chia; Itai Ben Eli; and Itamar Levy. There are no "absent class members," as no bartenders consented to join the collective action on or before July 31, 2017, the date on which the opt-in period for the class expired.[32]

---

[27] *See* R. Doc. 93-1 at 3–4.
[28] *Id.* at 5.
[29] *Id.*
[30] *Id.*
[31] *See Collins*, 568 F. Supp. 2d at 726–27.
[32] R. Doc. 35; *see LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 288 (5th Cir. 1975) ("Under [29 U.S.C. § 216(b)], . . . no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent."); *Brown v. United Furniture Industries, Inc.*, No. 13-246, 2015 WL 1457265, at *5 (N.D. Miss. Mar. 30, 2015) ("[I]n

6

Both Ms. McSwain and Defendants are represented by counsel.[33] The Parties jointly seek judicial approval of a settlement agreement that addresses a bona fide dispute and was negotiated in good faith. The Court finds the final factor indicates the settlement is fair and reasonable.

B. Conclusion

All six of the factors indicate the proposed settlement is fair and reasonable. Accordingly, the Court finds the proposed settlement agreement is fair and reasonable.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Joint Motion to Approve Settlement is **GRANTED** and the Parties' settlement agreement is **APPROVED**.[34]

**IT IS FURTHER ORDERED** that Plaintiff Shannon McSwain's claims against Defendants DMNO, LLC; Doron Moshe Rebi-Chia; Itai Ben Eli; and Itamar Levy be and hereby are **DISMISSED WITH PREJUDICE** in accordance with the terms of the settlement agreement. Claimants reserve their claim for attorneys' fees and costs.[35]

**New Orleans, Louisiana, this 21st day of May, 2018.**

                                             **SUSIE MORGAN**
                            **UNITED STATES DISTRICT JUDGE**

---

an FLSA collective action, there are no absent class members; only those who have opted in are considered parties to the suit and bound by the results of the action.").
[33] "'The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement.'" *Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 WL 4809535, at *2 (E.D. La. Sept. 26, 2014) (quoting *Collins,* 568 F. Supp. 2d at 727).
[34] R. Doc. 93.
[35] Ms. McSwain is the only named Plaintiff who Doris employed as a bartender during the statutory period. As the McSwain claim has been settled, and no other bartenders opted-in to the class on or before July 31, 2017, the conditionally certified class is hereby amended to exclude bartenders.