UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES BLACK, et al, individually and on behalf
of those similarly situated employees,

Plaintiffs,                                    CIVIL ACTION NO. 2:16cv02708

VERSUS

DMNO, LLC, et al                               E(4)

Defendants

**MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR APPROVAL OF THE SETTLEMENT
AND TO DISMISS CLAIMS WITH PREJUDICE**

Plaintiffs, JAMES BLACK, ZACHARY ADAMS, CARLOS AYESTAS, ASARIA CRITTENDEN, DAVID PIERCE-FEITH, MARK GANDY, LARRY HUNT, JR., PATRICE JONES, ELIZABETH KUZMOVICH, AUSTIN LANE, ERIN LAWRENCE, ASHLEY NEWTON and BARBARA STAMATELATOS ("Plaintiffs") and all Defendants, (sometimes collectively referred to as the "Parties"), submit their Memorandum in Support of their Joint Motion for Approval of Settlement and to Dismiss Claims with Prejudice as follows:

In support of this Joint Motion, they state as follows:

I.  INTRODUCTION

By the contemporaneously-filed Joint Motion, the Parties move this Court to approve the settlement of the claims brought pursuant to the Fair Labor Standards Act ("FLSA") in the above-captioned matter to which the Parties and their counsel have agreed, and to dismiss the claims with prejudice. Pursuant to the FLSA, the "Court must approve any settlement reached by the parties which resolves the claims in this action brought under Section 16(b) of the Fair Labor Standards Act." *Collins v. Sanderson Farms (Production Divis.),* 568 F. Supp. 2d 714,

717 (E.D. La. 2008); *see also Lynn's Food Stores v. United States,* 679 F.2d 1350 (11th Cir. 1982); 29 U.S.C. § 201 *et seq.*, ("FLSA"). Because the terms of the proposed settlement agreement are "fair and reasonable," the Parties request that this Court grant their Joint Motion for Approval of Settlement and to Dismiss Claims with Prejudice, all as more fully explained and set forth below.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs were employed as servers by Defendants.  In their Lawsuit, they contend that they were paid $2.13 per hour and forced to contribute to a tip pool that included managers. Additionally, Plaintiffs contend they were not paid pursuant to FLSA requirements.

Counsel for the Parties have exchanged relevant payroll and personnel data and time records relevant to Plaintiffs' claims in connection with the evaluation and negotiation of settlement.  A separate individualized analysis of time and payroll records was performed by the Parties' respective counsel and compared with the allegations and claims asserted by Plaintiffs.  Defendants, following settlement conferences with the Magistrate Judge, during which the Parties engaged in a vigorous exchange regarding their claims and defenses, parties participated in a two day bench trial from June 4-5th, 2018.  After trial, the Parties were ordered to submit post-trial briefs on or before June 25, 2018.  Prior to the expiration of the deadline for submission of post-trial briefs, the Parties arrived at an agreement to settle and dismiss the claims.  The Parties now seek Court approval of the settlement of the claims.

The Plaintiffs wish to settle because although they believe that their claims have been asserted in good faith and have considerable merit, they also recognize that Defendants have mounted considerable defenses to liability and damages. Defendants agree to settle to avoid the cost of further litigating this matter, which could exceed the cost of the settlement at issue.  In

conjunction with the settlement, the Parties have reached an agreement on the terms of a Confidential Settlement Agreement and Release ("Settlement Agreement"), a copy of which is produced for *in camera* inspection by agreement of the Parties. The Parties jointly request that the Court approve of Parties' settlement as follows:

1. All claims shall be dismissed from this action, with prejudice;

2. Within thirty (30) days of the Court approving the Settlement Agreement, Defendants shall issue payment on the settlement. These payments will be paid in accordance with the terms of the Settlement Agreement and attached Addenda.

3. Plaintiffs and Defendants shall waive and release all claims that they had, have or may have against each other related to Plaintiffs' employment in writing; AND

4. Neither this Joint Motion, the act of issuing payment for settlement, nor the Order Approving Settlement shall constitute or shall heretofore be represented by the Parties as any admission, finding, conclusion or judgment of any violation on behalf of Defendants or liability to Plaintiffs, or any other violation or liability whatsoever.

The Parties have had a full, informed opportunity to review and analyze the payroll and personnel data and time records and make the necessary individualized calculations. Furthermore, the Parties reviewed and analyzed the defenses asserted by Defendants. While the Parties are not in agreement about all inferences that might properly be drawn from such, they are confident that continued litigation of Plaintiffs' claims would not produce results more economically beneficial than this stipulated compromise settlement submitted to the Court.

Plaintiffs believe that the amounts they will receive pursuant to this settlement reflect a substantial portion of or actually more than what they could expect to recover if they were to prevail after submission of post-trial briefs. Accordingly, the Parties jointly move this Court to

approve settlement of Plaintiffs' claims.

## III. APPROVAL OF THE SETTLEMENT IS APPROPRIATE

FLSA claims may be compromised, *inter alia*, (1) when the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor; and (2) when a district court approves the settlement. 29 U.S.C. §216(b); *Lynn's Food Stores, supra,* 679 F.2d at 1352. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. The Parties submit that the settlement they reached after arm's length negotiations is fair and reasonable, and should be approved by the Court. Therefore, the Parties jointly move this Court to examine their proposed settlement, to approve the proposed settlement as fair and reasonable, and to enter an Order granting this Joint Motion.

### A. The Proposed Settlement is Reasonable.

Here, the proposed settlement should be approved because it represents a fair and reasonable compromise of the issues in dispute.

The proposed settlement arises out of an action brought by Plaintiffs against their former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiffs and Defendants were vigorously represented by counsel experienced in FLSA

litigation. After sufficient formal discovery, ample investigation and analyses, and trial, all counsel agree that settlement of Plaintiffs' claims is in their best interests. No fraud or collusion prevents the Court's approval of the proposed settlement.[1]

Under the proposed settlement, Plaintiffs will be compensated for half of their claimed minimum wage/tip credit and/or overtime claim and an amount equal to liquidated damages on that amount. A portion of the settlement amount due to Plaintiffs is designated as wages and subject to applicable income and payroll taxes and withholding. The remaining portion is designated as damages and not subject to any taxes or withholdings. Attorney fees and costs are paid in accordance with the contingency fee contract between Plaintiffs and attorneys. As such, the proposed settlement is reasonable.

### B. The Terms of the Proposed Settlement are Fair and the Product of Arm's Length Negotiations.

The Parties agree that the instant action involves disputed issues. The Parties have taken into account the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review. As a consequence of their investigation and analyses, with the assistance of the Magistrate Judge, Plaintiffs' Counsel has engaged in intensive arm's length negotiations with Counsel for Defendants with a view to achieving settlement. And, after extensive negotiations, Plaintiffs and Defendants mutually agree on a settlement of their claims.

The proposed Settlement is the product of serious, informed and non-collusive negotiations. Defendants have continued to deny any wrongdoing or legal liability arising out of

---

[1] Courts have rejected such settlements if they are not fair and if there is an indication of fraud or collusion. *Lynn's Food Stores, Inc.*, 679 F.2d 1350 (rejecting a settlement where the parties were not represented by counsel, there was no evidence that an attorney was consulted, and plaintiffs did not know they had any rights under the FLSA).

the conduct alleged in this action. Notwithstanding, Defendants have concluded that it is desirable that this action be settled in the manner and upon the terms and conditions set forth above and in the Settlement Agreement in order to avoid the expense, inconvenience, and burden of further legal proceedings, and the uncertainties of continued motion practice and a potential trial and appeals.

Plaintiffs' counsel recognize the possible expense and length of further litigation in this action against Defendants could involve appeals, which could take several years. They have also taken into account the time already invested in this case, the uncertain outcome and risk of litigation, especially in statutory actions such as this. Plaintiffs' counsel believe that the settlement confers substantial immediate benefits upon them. In negotiating the settlement, counsel had the benefit of broad, independently verified information regarding the Plaintiffs' claims. Based upon their evaluation, Plaintiffs and their counsel have determined that the settlement is in their best interest.

Settlements of disputes are favored in the law to bring finality and to conserve judicial resources. Thus, avoidance of this unnecessary expenditure of time and resources clearly benefits all Parties.

### C. The Proposed Settlement Resolves a *Bona Fide* Dispute.

Numerous matters are currently in dispute, including whether Plaintiffs were properly paid straight and overtime compensation, whether Defendants properly used the tip credit and whether Defendants maintained accurate records. Among other things, Defendants strongly dispute improper payment of wages, invalidation of the tip credit, and maintenance of inaccurate records and Plaintiffs recognize that this determination is a fact-intensive one that would be decided after consideration of post-trial briefs. Counsel have vigorously represented their

respective clients over these disputes. Now, for the reasons stated above, the parties desire to enter into the proposed settlement. The settlement is fair and reasonable and ends the ongoing dispute between these parties without the need for further litigation.

## IV.   CONCLUSION

In sum, there has been a bench trial after extensive investigation and lengthy, hard-fought negotiations, culminating with experienced counsel on both sides weighing the benefits and costs of the present settlement against the risks and rewards of further litigation. The settlement occurred only after the Parties were able to properly and adequately assess its fairness and consult with the Judge and Magistrate Judge assigned to this matter. As a result of the Parties' efforts, the litigation had reached the stage where "the parties certainly [had] a clear view of the strengths and weaknesses of their cases."[2]

Accordingly, for the reasons stated herein, Plaintiffs and Defendants respectfully request that the Court approve the proposed settlement on the terms set forth in the Settlement Agreement, which was negotiated by counsel for the Parties, and dismiss Plaintiffs' claims with prejudice.

WHEREFORE, for the reasons stated above and in the Joint Motion to Approve Settlement and to Dismiss Plaintiffs' Claims with Prejudice, Plaintiffs and Defendants, move this Court to approve the settlement of their claims and enter a dismissal of their claims with prejudice.

This the 20th day of July, 2018.

---

[2] *Bonett v. Education Debt Servs., Inc.,* 2003 WL 21658267 (E.D. Pa. May 9, 2003) (quoting *In re Warner Comm'ns Sec. Litig.*, 618 F. Supp. 735, 745 (S.D.N.Y. 1985)), *aff'd,* 798 F.2d 35 (2d Cir.1986).

Respectfully submitted,

**For the Plaintiffs:**

*/s/Laura L. Catlett*
Laura L. Catlett, Attorney at Law, LLC
Louisiana Bar No. 31431
3014 Dauphine Street, Suite X
New Orleans, LA  70117
Telephone: 504)521-7958
Fax:  (866)587-6697
Email:  LauraLCatlettLaw@gmail.com

and

*/s/Jessica M. Vasquez*
Vasquez Law Office
Louisiana Bar No. 27124
400 Poydras Street, Ste 900
New Orleans, LA  70130
Telephone:  (504)571-9582
Fax:  (504)684-1449
Email: jvasquex@vasqueslawoffice.com

**For the Defendants:**

s/*Steven R. Cupp*
Steven R. Cupp, Esq. (LA BAR NO. 21413)
Jaklyn Wrigley, Esq., PHV
FISHER & PHILLIPS LLP
2505 14th Street, Suite 300
Gulfport, Mississippi 39501
(228) 822-1440 - Telephone
(228) 822-1441 – Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2018, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in the proceeding.

s/ Steven R. Cupp
STEVEN R. CUPP
