# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES BLACK, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2708** |
| **DMNO, LLC, ET AL.,**<br>    **Defendants** | **SECTION: "E"** |

## <u>AMENDED ORDER AND REASONS</u>

Before the Court is the Parties' Joint Motion to Approve the Settlement and to Dismiss Plaintiffs Mark Gandy; Ashley Newton; David Pierce-Feith; Austin Lane; Patrice Jones; Erin Lawrence; Zachary Adams; Asaria Crittenden; Elizabeth Kuzmovich; Larry Hunt, Jr.; James Black; Barbara Stamatelatos; and Carlos Ayestas' claims with prejudice.[1] For the reasons that follow, the motion is **GRANTED**.[2]

## BACKGROUND

Plaintiffs filed this collective action, individually and on behalf of all others similarly situated, on March 31, 2016.[3] Plaintiffs allege Defendants DMNO, LLC; Doron Moshe Rebi-Chia; Itai Ben Eli; and Itamar Levy (collectively "Doris Metropolitan") violated the Fair Labor Standards Act, 29 U.S.C. § 201 by, *inter alia*: (1) paying its servers $2.15 per hour instead of the national minimum wage of $7.25 per hour, claiming a tip credit, but requiring the servers to participate in a tip pool that included managers;[4] (2) failing to pay Plaintiffs one and one half times their hourly rate for the hours they work in excess of forty hours per

---

[1] R. Doc. 191.
[2] The Court originally approved the parties' proposed settlement on July 30, 2018. R. Doc. 132. In that order, the Court inadvertently omitted James Black and Barbara Stamatelatos. This amended order addresses that omission; no other changes have been made.
[3] R. Doc. 1. The named parties in the complaint also included Shannon McSwain, whose claims were settled on May 21, 2018, R. Doc. 98, and Jeffery Blair, whose claims were dismissed on May 3, 2018, R. Doc. 87.
[4] R. Doc. 1 at I, IV.

week;[5] and (3) requiring Plaintiffs to attend mandatory Monday meetings, without paying Plaintiffs an hourly wage.[6]

The Court certified the collective class on June 1, 2018.[7] The class includes those "employed as a server or assistant server at Doris Metropolitan, paid less than $7.25 per hour in direct cash wages (e.g., you were paid $2.13/hour), and you were required to tip out a portion of your tips to managers and/or owners/managers."[8]

On June 4–5, 2018, the Court held a two-day bench trial.[9] During the trial, the parties reached a stipulation with respect to: (1) Defendants' liability regarding payment for mandatory Monday meetings and to damages in the amount of $1,124.44; (2) Defendants' liability regarding the overtime claims and to damages in the amount of $443.45; and (3) with respect to the damage calculation only, the parties stipulated that, in the event the Court find Defendants liable, Defendants would be liable for "damage amounts regarding the unpaid minimum wage claims in the amount of $87,765.98 for a 2 year look back period and $85,451.31 for a 3 years look back period."[10]

On July 20, 2018, following the trial, but before the Court's ruling, the Parties jointly moved to approve the proposed settlement agreement and dismiss Plaintiffs' remaining claims with prejudice.[11]

## STANDARD OF LAW

The Court "must approve any settlement reached by the parties which resolves the

---

[5] *Id.*
[6] *Id.*
[7] R. Doc. 115.
[8] *Id.* at 2.
[9] R. Docs. 127, 128.
[10] R. Doc. 126.
[11] R. Doc. 131.

claims in this action brought under [29 U.S.C. § 216(b)]."[12]  "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."[13]  The Court must scrutinize the proposed settlement agreement to verify that parties are not circumventing the "clear FLSA requirements" by entering into a settlement agreement.[14]  When deciding whether to approve a proposed settlement, the Court must assess whether the proposed settlement is both (1) the product of a bona fide dispute over the FLSA's provisions and (2) fair and reasonable.[15]

## ANALYSIS

I.   <u>The Settlement is the Product of a Bona Fide Dispute</u>

When deciding whether a bona fide dispute exists, the Court considers whether there is a "genuine dispute as to the Defendant's liability under the FLSA,"[16] as "[w]ithout a bona fide dispute, no settlement could be fair and reasonable."[17]  This is particularly true in an "FLSA [action because its provisions] are mandatory, and not subject to negotiation and bargaining between employers and employees."[18]

The Court finds a bona fide dispute exists between Plaintiffs and Defendants with regard to whether Defendants violated the FLSA. Numerous matters are currently in dispute, including whether Plaintiffs were properly paid regular and overtime

---

[12] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008).
[13] *Id.* at 719.
[14] *See id.*
[15] *Domingue v. Sun Electric & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (E.D. La Apr. 26, 2010).
[16] *Allen v. Entergy Operations, Inc.*, No. 11-1571, 2016 WL 614687, at *1 (E.D. La. Feb. 11, 2016).
[17] *Collins*, 568 F. Supp. 2d at 719.
[18] *Allen*, 2016 WL 614687, at *1.

compensation, whether Defendants properly claimed a tip credit, and whether Defendants maintained accurate employment and payroll records. During the trial of this matter, the parties offered various witnesses and substantial evidence into the record in support of their respective positions. The Court finds this sufficient to conclude that, in this case, there was "both aggressive prosecution and strenuous defense" to prove a bona fide dispute.[19]

## II.   The Settlement is Fair and Reasonable

In determining whether a negotiation is fair and reasonable under the FLSA, courts are guided by *Reed v. General Motors Corporation*, in which the Fifth Circuit enumerated factors to determine whether a settlement is fair in a class action under Rule 23 of the Federal Rules of Civil Procedure.[20]   Courts, however, "adopt or vary these factors in their application in light of the special role of the Court in settlement of FLSA claims."[21] There are six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.[22]

### A.   Application of the Factors

#### 1.   *The existence of fraud or collusion behind the settlement*

With respect to the "fraud or collusion" factor, there are several presumptions that guide a court's determination of whether a settlement is fair and reasonable. "[T]here is a

---

[19] *See Atkins v. Worley Catastrophe Response, LLC*, No. 12-2401, 2014 WL 1456382, at *2 (E.D. La. Apr. 14, 2014).
[20] *Allen*, 2016 WL 614687, at *2; *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)*; see also Collins*, 568 F. Supp. 2d at 722 (noting "Rule 23 does not control FLSA collective actions, [but] many courts have adopted many of Rule 23's procedures" given the court's discretion under §216(b)).
[21] *Collins*, 568 F. Supp. 2d at 722.
[22] *Id.* (citing *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004)).

strong presumption in favor of finding a settlement fair,"[23] and, absent evidence to the contrary, there is a presumption that no fraud or collusion occurred between counsel.[24] In light of these presumptions, however, "it is clear that the court should not give rubber-stamp approval."[25] The Court has found no indication of fraud or collusion. The Parties have engaged in discovery, motions practice, and negotiations to resolve this matter. The case proceeded to trial, where both sides presented witnesses and evidence. This factor indicates the settlement is fair and reasonable.

### 2. The complexity, expense, and likely duration of the litigation

The instant case has been pending for more than two years. Although the discovery period concluded on March 27, 2018,[26] and the Court heard evidence at a two-day bench trial on which the Court has not yet ruled,[27] there remain numerous unresolved issues. For example, the Court has not yet issued its findings of fact and conclusions of law with respect to whether Doris Metropolitan's practice of including managers in the tip pool violates the FLSA, and, if so, whether that violation was willful. The Court finds that the unresolved issues and the complexity of the litigation indicate the settlement is fair and reasonable.

### 3. The stage of the proceedings and the amount of discovery completed

A court will consider how much formal discovery has been completed for two reasons: (1) "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information," and (2) "full discovery demonstrates that the parties have litigated the case in an adversarial manner and . . . therefore . . . settlement

---

[23] *Domingue*, 2010 WL 1688793, at *1 (internal quotations omitted).
[24] *Akins*, 2014 WL 1456382, at *2.
[25] *Id.* (quoting 4 NEWBERG ON CLASS ACTIONS §11.41 (4th ed.)).
[26] R. Doc. 65.
[27] R. Docs. 119, 121, 127, 128.

is not collusive but arms-length."[28] The lack of much formal discovery is not necessarily fatal, however, and a court may look to informal avenues of gathering information or may approve a settlement with no formal discovery conducted.[29]

In this case, the Parties have engaged in both pre-certification discovery as well as extensive "merits" discovery for the last two years. The parties have exchanged thousands of pages of documents and undergone two rigorous settlement conferences.[30] The case proceeded to trial,[31] and the parties reached a settlement only after evidence had been presented.[32] The Court, therefore, finds the Parties have litigated the case in an adversarial manner and are sufficiently familiar with the facts of this case to reach a fair settlement. This factor weighs in favor of finding the settlement fair and reasonable.

### 4. *The probability of Plaintiffs' success on the merits*

It is uncertain at this point whether and the extent to which Plaintiffs would be successful. The Parties have reviewed and analyzed the defenses asserted by Defendants. Although the Parties do not agree about all inferences that might be properly drawn from the undisputed facts, they submit they are confident that continued litigation of Plaintiffs' claims would not produce results more economically beneficial than this stipulated compromise settlement.[33] The Parties have taken into account the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review. The Court finds that given the

---

[28] NEWBERG ON CLASS ACTIONS § 13:50 (5th ed.)

[29] *See id.*; *In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 241 (5th Cir. 1982) (explaining that formal discovery is not "a necessary ticket to the bargaining table" where the parties and the court are adequately informed to determine the fairness of the settlement) (citing *In re Corrugated Container Antitrust Litigation*, 643 F.2d 195, 211 (5th Cir. 1981)).

[30] R. Docs. 45, 82.

[31] R. Docs. 119, 121, 127, 128.

[32] R. Doc. 131.

[33] *See* R. Doc. 131-1 at 5–6.

unresolved disputes between the parties and the stage at which this litigation remains, it is unclear whether and to what extent Plaintiffs would be meritorious. This factor indicates the settlement is fair and reasonable.

5. *The range of possible recovery*

The settlement amounts for Plaintiffs are based on a negotiated number of hours Plaintiffs allegedly worked but for which they were not paid overtime and the compensation due to them for allegedly being forced to participate in a tip pooling system that violated the FLSA.[34] Under the proposed settlement, Plaintiffs will be compensated for half of their claimed minimum wage/tip credit and/or overtime claim and an amount equal to liquidated damages on that amount.[35] A portion of the settlement amount due to Plaintiffs is designated as wages and subject to applicable income and payroll taxes and withholding.[36] The remaining portion is designated as damages and not subject to any taxes or withholdings.[37] The Court finds that all of the agreed-upon amounts are within a range of possible recovery for the Plaintiffs, indicating the settlement is fair and reasonable.[38]

6. *The opinions of class counsel, class representatives, and absent class members*

The only parties to the settlement are Plaintiffs Mark Gandy; Ashley Newton; David Pierce-Feith; Austin Lane; Patrice Jones; Erin Lawrence; Zachary Adams; Asaria Crittenden; Elizabeth Kuzmovich; Larry Hunt, Jr.; and Carlos Ayestas and Defendants DMNO, LLC; Doron Moshe Rebi-Chia; Itai Ben Eli; and Itamar Levy. There are no "absent class members," as no other servers or server assistants consented to join the collective

---

[34] *Id.* at 4–5.
[35] *Id.* at 5.
[36] *Id.*
[37] *Id.*
[38] *See Collins*, 568 F. Supp. 2d at 726–27.

action on or before July 31, 2017, the date on which the opt-in period for the class expired.[39] Both parties are represented by counsel.[40] The Parties jointly seek judicial approval of a settlement agreement that addresses a bona fide dispute and was negotiated in good faith. The Court finds the final factor indicates the settlement is fair and reasonable.

B. <u>Conclusion</u>

All six of the factors indicate the proposed settlement is fair and reasonable. As a result, the Court finds the proposed settlement agreement is fair and reasonable.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Joint Motion to Approve Settlement is **GRANTED** and the Parties' settlement agreement is **APPROVED**.[41]

**IT IS FURTHER ORDERED** that Plaintiffs Mark Gandy; Ashley Newton; David Pierce-Feith; Austin Lane; Patrice Jones; Erin Lawrence; Zachary Adams; Asaria Crittenden; Elizabeth Kuzmovich; Larry Hunt, Jr.; James Black; Barbara Stamatelatos; and Carlos Ayestas' claims against Defendants DMNO, LLC; Doron Moshe Rebi-Chia; Itai Ben Eli; and Itamar Levy be and hereby are **DISMISSED WITH PREJUDICE** in accordance with the terms of the settlement agreement. Attorneys' fees and costs are paid

---

[39] R. Doc. 35; *see LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 288 (5th Cir. 1975) ("Under [29 U.S.C. § 216(b)], . . . no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent."); *Brown v. United Furniture Industries, Inc.*, No. 13-246, 2015 WL 1457265, at *5 (N.D. Miss. Mar. 30, 2015) ("[I]n an FLSA collective action, there are no absent class members; only those who have opted in are considered parties to the suit and bound by the results of the action."). The Court dismissed Plaintiff Jeffrey Blair on May 3, 2018, R. Doc. 87; attorneys Laura Catlett and Jessica Vasquez, who represent Plaintiffs, withdrew as counsel for Blair on May 24, 2018, R. Doc. 102.
[40] "'The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement.'" *Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 WL 4809515, at *2 (E.D. La. Sept. 26, 2014) (quoting *Collins*, 568 F. Supp. 2d at 727).
[41] R. Doc. 131.

8

in accordance with the contingency fee contract between Plaintiffs and attorneys.

**New Orleans, Louisiana, this 27th day of August, 2018.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**